IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:07-cv-805 MJR ) |
| DR. ADRIAN FEINERMAN, et al., | ) ) |
| Defendants. | ) |

## ORDER

Now pending before the Court are Plaintiff Anthony Allen's Motion for Temporary Restraining Order (Doc. 27) and for Extension of Time (Doc. 28). For the reasons set forth below, these motions are **DENIED**

### BACKGROUND

Plaintiff filed his complaint in the action on November 15, 2007, against various Illinois Department of Corrections officials for failing to treat an ankle injury he sustained at Menard Correctional Center (Doc. 1). Upon threshold review, the Court found that Plaintiff presented a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In answering the complaint, Defendants Grubman, Hulick, Krieg, Platt, and Walker raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. § 1997e(a). In light of *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), in which the Seventh Circuit held that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies has been resolved, the Court set the matter for an evidentiary hearing on the question of exhaustion (Doc. 22). The Court granted the parties 60 days to conduct limited discovery related exclusively to the issue of exhaustion and directed them to file any briefs, affidavits, or exhibits by July 15, 2009. The hearing is set for July

22, 2009.

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff filed the instant motion on June 2, 2009. He states therein that since he received the Court's order setting the *Pavey* hearing, he has had difficulty obtaining copies of cases that he needs from the law library. He asks for a Temporary Restraining Order "in which to file an appropriate response to Defendants motion." He does not ask that the Court order any type of injunctive relief. Because his only request appears to be for additional time to do his research and obtain documents, the Court construes this motion as a motion for extension of time to file documents with the Court prior to the *Pavey* hearing.

The Court does not believe that an extension of time is necessary. Discovery required prior to the Court's hearing on exhaustion is limited to copies of the grievances and grievance appeals. Other documentary evidence will not be necessary. Plaintiff should be able to obtain copies of the grievances and grievance appeals through internal prison requests or by making a discovery request of the Defendants for the documents. Plaintiff is reminded that he should not conduct discovery on the substantive issues raised in the complaint. If, after the hearing, Plaintiff is found to have exhausted his administrative remedies prior to filing suit, the Court will then set a schedule for merits discovery. Accordingly, Plaintiff's motion for a temporary restraining order, construed as a request for an extension of time to file briefs prior to the *Pavey* hearing, (Doc. 27) is **DENIED**.

## MOTION FOR EXTENSION OF TIME

In this motion, filed June 16, 2009, Plaintiff asks for additional time, until August 5, 2009, to "file an appropriate responsive pleading" before the July 22 hearing. He states that the law librarian will not send him *Pratt v. Tarr*, 464 F.3d 730 (7th Cir. 2006), a case he claims he needs

2

prior to the hearing.  The Court notes that *Pratt v. Tarr*, 464 F.3d 730 (7th Cir. 2006), holds that a prisoner plaintiff is not required to plead with specificity the prejudice he suffered to state a claim of denial of access to courts.  The opinion does not address or even mention exhaustion of administrative remedies.  Thus, absent a more specific reason why the Plaintiff needs the case, the Court finds that Plaintiff will not need to obtain that case prior to the July 22 hearing.  As stated above, prior to the hearing, Plaintiff needs only to obtain copies of grievances to show that he exhausted administrative remedies on the one issue in the case prior to filing suit.  Accordingly, Plaintiff's Motion for Extension of Time (Doc. 28) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 17, 2009**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
