IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY ALLEN, )
)
    Plaintiff, )
)
v. )          Case No. 3:07-cv-805 MJR
)
DR. ADRIAN FEINERMAN, et al., )
)
    Defendants. )

**ORDER**

Currently pending before the Court is a Motion to Stay Responses to Discovery Requests filed by Defendants Grubman, Hulick, Krieg, Platt, and Walker (Doc. 30). For the reasons set forth below, the motion is **GRANTED in part and DENIED in part**.

Plaintiff filed his complaint in the action on November 15, 2007, against various Illinois Department of Corrections officials for failing to treat an ankle injury he sustained at Menard Correctional Center (Doc. 1). Upon threshold review, the Court found that Plaintiff presented a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. In answering the complaint, Defendants Grubman, Hulick, Krieg, Platt, and Walker raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. § 1997e(a). In light of *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), in which the Seventh Circuit held that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies has been resolved, the Court set the matter for an evidentiary hearing on the question of exhaustion (Doc. 22). The Court granted the parties 60 days to conduct limited discovery related exclusively to the issue of exhaustion and directed them to file any briefs, affidavits, or exhibits by July 15, 2009. The hearing is set for July 22, 2009.

The Court has informed Plaintiff twice that he should not attempt to conduct discovery on the merits until the Court has resolved the question of exhaustion of administrative remedies, first in the April 30, 2009, order setting the *Pavey* hearing, and second in the Court's June 17, 2009, order denying Plaintiff's request for additional time to prepare for the *Pavey* hearing. Despite these instructions, Plaintiff propounded discovery requests to Defendants on June 29 and July 2, 2009. Defendants ask that the Court stay the requirement that they respond to the discovery requests until the question of exhaustion has been resolved at the July 22, 2009, hearing.

The Seventh Circuit is clear that the Court is to resolve the question of exhaustion before directing the parties to conduct any discovery on the merits. *See Pavey*, 544 F.3d at 742. Therefore, Defendants' Motion to Stay Discovery on the merits until the Court has determined whether Plaintiff exhausted his administrative remedies prior to filing suit is **GRANTED**. The holding in *Pavey* does however, allow the parties to conduct discovery on the question of exhaustion. To the extent, therefore, that Plaintiff's discovery requests seek documents related to the question of exhaustion of administrative remedies--such as grievances and appeals to the Administrative Review Board--the motion is **DENIED**. Defendants shall respond to any discovery requests asking for materials relevant exclusively to the question of exhaustion of administrative remedies.

**IT IS SO ORDERED.**

**DATED: July 13, 2009**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**