IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.07-cv-805 MJR |
| ADRIAN FEINERMAN, PAMELA | ) |
| GRUBMAN, ROGER E. WALKER, JR., | ) |
| DONALD HULICK, JAMES KRIEG, and | ) |
| STEVEN PLATT, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the question whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing suit. It is **RECOMMENDED** that the Court **FIND** that Plaintiff exhausted his administrative remedies as to Defendant Feinerman, but did not exhaust his administrative remedies as to Defendants Grubman, Walker, Hulick, Krieg, and Platt; that Defendants' Motion for Summary Judgment (Doc. 32) be **DENIED** as to Defendant Feinerman, and **GRANTED** as to Defendants Grubman, Walker, Hulick, Krieg, and Platt; that Plaintiff's Motions for Summary Judgment (Doc. 37), for a Hearing (Doc. 38), for Exhaustion of Administrative Remedies (Doc. 39), and for Defendants' Attorney Misquoting Plaintiff Issues Contained in His Original Motions (Doc. 55) be **DENIED**; and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Plaintiff filed his complaint in this matter on November 15, 2007, against various Illinois

Department of Corrections ("IDOC") officials for failing to treat an ankle injury he sustained at Menard Correctional Center (Doc. 1). On January 14, 2009, the District Court completed its threshold review of the complaint, finding that Plaintiff presented a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment against Defendants Feinerman, Grubman, Hulick, Krieg, Platt, and Walker. In answering the complaint, Defendants Grubman, Hulick, Krieg, Platt, and Walker raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. § 1997e(a). Thus, the undersigned set the matter for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), for July 22, 2009. The Court limited pre-hearing discovery exclusively to the issue of exhaustion of administrative remedies. On July 15, 2009, Defendants Grubman, Hulick, Krieg, Platt, and Walker filed a Motion for Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit (Doc. 32). Defendant Feinerman filed his answer on August 21, 2009, and raised the affirmative defense of failure to exhaust (Doc. 52). Defendant Feinerman filed a motion requesting to join the Motion for Summary Judgment filed by Defendants Grubman, Hulick, Krieg, Platt, and Walker (Doc. 53). That motion is **GRANTED**. As such, the Court will apply the arguments raised in the motion for summary judgment and at the hearing to Dr. Feinerman.

In their motion for summary judgment Defendants identified the following three grievances filed by Plaintiff regarding ankle injures:[1]

  1.  Plaintiff filed a grievance on March 15, 2007, complaining of pain in his right heel,

---

[1] Plaintiff does not challenge that these are grievances relevant to whether he exhausted his administrative remedies. Defendants produced the grievances at the hearing.

left and right knee, lower back, and left hip (Grievance No. 140-3-07). Plaintiff complained that he was not receiving adequate medical treatment for his pain. He reported that Dr. Feinerman told Plaintiff nothing was wrong with him. Plaintiff did not identify other individuals by name in the grievance. In the last sentence of the grievance, Plaintiff wrote, "all this is line out in 79 pages of this grievance." The grievance officer received the grievance on March 20, 2007, and denied it on April 5, 2007; the Chief Administrative Officer ("CAO") concurred on April 9, 2007. The Administrative Review Board ("ARB") addressed the merits of the grievance on appeal, finding that "the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied."

2. Plaintiff filed a second, almost identical grievance also dated March 15, 2007 (Grievance No. 226-3-07), but not received by the grievance officer until March 30, 2007. It was denied by the grievance officer on April 27, 2007; Warden Hulick concurred in the denial. On appeal, the ARB returned the grievance because it was submitted outside of the timeframe outlined in the Illinois Regulations in that Plaintiff was last seen by a physician on January 18, 2007, and did not file the grievance until March 30, 2007, over sixty days later.

3. Plaintiff filed a third grievance on June 27, 2008, regarding pain and swelling in his ankle (Grievance No. 192-6-08). The grievance officer denied the grievance on its merits on August 12, 2008; the CAO concurred on August 15, 2008. On November 18, 2008, the ARB denied the grievance on the merits.

In their motion for summary judgment, Defendants Grubman, Hulick, Krieg, Platt, and

Walker, argue that both Plaintiff's March 20, 2007, and March 30, 2007, grievances were filed outside of the 60-day time period prescribed in the Illinois regulations. They further argue that Plaintiff did not name any Defendants in the grievances.

On June 29, 2009, Defendants Grubman, Hulick, Krieg, Platt, and Walker filed a motion seeking to stay their responses to Plaintiff's discovery requests (Doc. 30). Defendants stated that Plaintiff had served discovery requests seeking discovery on the merits, in violation of the Court's order. On July 13, 2009, the Court granted in part and denied in part Defendants' motion, agreeing that merits discovery was not to begin until after the determination on the question of exhaustion. The Court ordered the Defendants to respond to the Plaintiff's requests to the extent they sought discovery related to the question of exhaustion (Doc. 31).

*Hearing*

At the hearing held on July 22, 2009, Plaintiff argued first that he did not receive any discovery related to exhaustion until the day of the hearing. Counsel for Defendants admitted that she had not yet received the documents she requested from the institution, but she did receive documents from the ARB, which she faxed to the Plaintiff the morning of the hearing. Counsel for Defendants also admitted those documents should have been produced to the Plaintiff prior to the morning of the hearing. Defendants argued, however, that the late production was not prejudicial to Plaintiff because on their face the grievances were inadequate because no Defendants were identified by name. At the hearing, Defendants deviated from the position taken in their motion for summary judgment regarding the timeliness of the first grievance:

    Counsel:    Your Honor, defendants aren't disputing that plaintiff followed the proper procedure for the grievance process. It's just that the information he

|  |  |
|---|---|
|  | included in the grievance did not comply with administrative rules requiring the individuals to be named and for the issues to be addressed in the grievance. |
| The Court: | And so it's your argument that because of that, he didn't properly exhaust because he didn't identify the individuals, correct? |
| Counsel: | Correct, Your Honor. |

(Doc. 47, p. 14).

Plaintiff next argued that he should not be penalized for failing to identify the Defendants by name in the grievances because he submitted with the grievance 79 pages of exhibits in which each Defendant was named. Plaintiff stated that the 79 pages of exhibits were returned to him separately from responses he received on the grievance itself. Plaintiff argues that had the 79 pages been reviewed, the names of each of the Defendants would have been found. Plaintiff thus argued that based on the information presented in the unreviewed 79 pages of exhibits he did exhaust his administrative remedies as to each Defendant. Plaintiff further argued that under the regulations he was not required to name each defendant (Doc. 47, pp. 15-16). Plaintiff also argued that the Chairman of the Administrative Review Board, Sherry Benton (not a defendant) did not follow proper procedures in responding to his second appeal because the Director did not concur in the determination that the grievance was untimely.

### *Other Filings Regarding Exhaustion* [2]

On July 24, 2009, the Clerk docketed Motions for Summary Judgment and for a Hearing

---

[2] As raised at the hearing, Plaintiff did not receive documents responsive to his discovery requests until the morning of the hearing. As such, the court will consider Plaintiff's subsequently filed motions in determining whether he exhausted his administrative remedies.

submitted by Plaintiff (Docs. 37 and 38). In both motions Plaintiff makes essentially the same arguments he made at the hearing: that the 79 pages of exhibits were not but should have been reviewed with his grievance, and that he did not receive discovery responsive to his requests until the morning of the hearing. Defendants responded in opposition to these motions arguing that the filing of 79 pages of exhibits was improper and that a second hearing on exhaustion is unnecessary (Doc. 43).

On July 29, 2009, Plaintiff filed a Motion for Exhaustion of Administrative Remedies (Doc. 39), in which he argues that the grievance filed March 15, 2007, was fully and properly exhausted in that it was denied by the counselor, Plaintiff appealed to the ARB, and the ARB denied it on its merits. He further argues that he did not know the regulations required him to identify defendants by name, and even so, his 79 pages of exhibits, which should have been reviewed but were not, did identify them. He also argued that Sherry Benton acted outside the regulations in denying his grievance without concurrence by the director of the IDOC. Defendants responded in opposition arguing that while there is no regulation prohibiting him from filing exhibits with his grievance, his one exhausted grievance still did not comply with regulations which require the name of each person involved in the grievance (Doc. 44).

On August 27, 2009, Plaintiff filed a Motion for Defendants' Attorney Misquoting Plaintiff Issues Contained in His Original Motions (Doc. 55), in which he again argues that he exhausted his administrative remedies, that his 79 pages of exhibits should have been considered, and that his March 30, 2007, grievance was timely filed.

## CONCLUSIONS OF LAW

The Illinois Administrative Code sets out the procedure for the filing of grievances by

inmates. An inmate must first attempt to resolve the complaint informally. If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. Ill. Admin. Code § 504.810. The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. Ill. Admin. Code § 504.830. An inmate may appeal the decision of the CAO in writing within 30 days. Ill. Admin. Code § 504.850. *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

> The Prison Litigation Reform Act ("PLRA") provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). In *Perez*, the Seventh Circuit clarified that section 1997e(a) requires that exhaustion be completed before suit may be brought, not merely before a suit may be decided or judgment entered. Thus, exhaustion of administrative remedies while a suit is already pending is not sufficient to meet the requirement of section 1997e(a). *Id.*

### *Relevant Grievances*

Based on the evidence presented at the hearing, the Court finds that Plaintiff properly filed only grievance 140-3-07 by giving it to the grievance counselor and filing a timely appeal to the ARB. Defendants conceded at the hearing that the grievance was timely and properly submitted.

Whether the grievance sufficiently named Defendants so as to exhaust administrative remedies against them is discussed below.

The Court finds that Plaintiff did not properly file grievance 226-3-07, which was found untimely by the ARB and not reviewed on the merits because Plaintiff failed to file it within 60 days of his last medical appointment on January 18, 2007.[3] The Court also finds that Plaintiff submitted grievance 192-6-08 after he filed his complaint in this lawsuit. Because exhaustion is a precondition to filing suit, grievance 192-6-08 cannot be sufficient to meet the requirements of the PLRA.

### *Defendants Not Properly Named in Grievance*

Under Illinois regulations, a grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." The Code goes on to state, however, that "this provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." Ill. Admin. Code § 504.810(b). The Supreme Court recently held that exhaustion is not inadequate under the PLRA merely because "an individual later sued was not named in the grievances." *Jones v. Bock*, 549 U.S. 199, 219 (2007). The Court emphasized that the level of detail necessary in a grievance for adequate exhaustion should be determined by prison regulations, but that the PLRA does not impose a specific requirement regarding who must be named in a grievance for proper exhaustion. *Id.* at 218-19. The Court opined that notice to an individual that he might be sued "has not been thought to be one of the leading purposes of the exhaustion

---

[3]Because the Court finds this grievance was untimely, it is unnecessary to consider Plaintiff's argument that Sherry Benton did not follow departmental procedures by denying review on the merits without concurrence by the Director.

requirement," and cited the Fifth Circuit's statement that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Id.* (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

Despite the Supreme Court's holding that the PLRA does not necessarily require a prisoner-plaintiff to name each defendant by name in the grievance, the Illinois regulations, which the Supreme Court held control the inquiry, do require that where an individual is not named "the offender must include as much descriptive information about the individual as possible." In the one exhausted grievance Plaintiff named only Defendant Feinerman. He complained of not being treated for his injury and that the failure to treat him was a violation of his rights, but nowhere did he identify any individual other than Defendant Feinerman. On its face, then, the grievance is sufficient to exhaust only as to Defendant Feinerman.

Plaintiff argues, however, that the exhibits he submitted with his complaint named the other Defendants and that the grievance counselor should have accepted and reviewed those exhibits. The undersigned has considered and rejects this argument. The Court finds that it is unreasonable to put the burden on the institution to look at voluminous exhibits outside of the regulations when Plaintiff could have easily named the Defendants, or at least identified them by describing them or their positions, in the grievances he did file. No evidence was presented that Plaintiff was unable to submit grievances, only that his exhibits were not, but should have been, reviewed. Plaintiff named Defendant Feinerman. In the same way, he could have named or at least identified the other Defendants. None of the motions Plaintiff filed after the hearing alter this conclusion.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Court **FIND** that Plaintiff

exhausted his administrative remedies as to Defendant Feinerman only.  As a result, it is **RECOMMENDED** that the Defendants' Motion for Summary Judgment be **DENIED** as to Defendant Feinerman, and **GRANTED** as to Defendants Grubman, Walker, Hulick, Krieg, and Platt.  It is **FURTHER RECOMMENDED** that Plaintiff's Motions for Summary Judgment (Doc. 37), for a Hearing (Doc. 38), for Exhaustion of Administrative Remedies (Doc. 39), and for Defendants' Attorney Misquoting Plaintiff Issues Contained in His Original Motions (Doc. 55) be **DENIED**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  January 26, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**