IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ALLEN,              ) | |
|                             ) | |
|    Plaintiff,          ) | |
|                             ) | |
| v.                          ) | |
|                             ) | Case No. 07-cv-805 MJR |
| ADRIAN FEINERMAN, PAMELA    ) | |
| GRUBMAN, ROGER E. WALKER, JR., ) | |
| DONALD HULICK, JAMES KRIEG, and ) | |
| STEVEN PLATT,               ) | |
|                             ) | |
|    Defendants.         ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

#### I. BACKGROUND

On January 14, 2009, the Court issued its threshold order in this prisoner civil rights action, finding that Anthony Allen had stated a claim of deliberate indifference to serious medical needs against Adrian Feinerman, Pamela Grubman, Roger Walker, Donald Hulick, James Krieg and Steven Platt (Doc. 10). On March 3, 2009, a waiver of service was returned executed by Feinerman (Doc. 14). Based on the date the waiver was sent, Feinerman's answer was due on April 6, 2009. On that date, Grubman, Walker, Hulick, Krieg and Platt filed a motion for an extension of time to answer, which the Court granted on April 7, 2009 (Docs. 16, 17). Grubman, Walker, Hulick, Krieg, and Platt filed an answer to the complaint on April 23, 2009 (Doc. 20). Because these Defendants raised the affirmative defense that Allen failed to exhaust his administrative remedies prior to filing suit, United States Magistrate Judge Donald G. Wilkerson set the matter for a hearing on the question of exhaustion for July 22, 2009 (Doc. 24). In preparation for that hearing, it came to the Court's attention that Feinerman had never filed an answer to the complaint. At the July 22 hearing,

Magistrate Judge Wilkerson asked counsel for Grubman, Walker, Hulick, Krieg, and Platt whether she was aware of the status of Feinerman. She indicated that she did not know. As a result, Judge Wilkerson issued an order directing Feinerman to show cause why an entry of default should not be made against him for his failure to answer the complaint (Doc. 36). Feinerman answered the order to show cause on August 20, 2009, indicating that legal counsel was never engaged for him because the complaint was not processed with his employer, Wexford Health Sources (Doc. 48). Feinerman filed the affidavit of Kimberly Amschler to support the representation that legal counsel was never engaged by Feinerman's employer (Doc. 50). Finding good cause for the failure to answer, Judge Wilkerson granted Feinerman leave to file his answer, which he did on August 21, 2009 (Docs. 51, 52).

Currently pending before the Court are Allen's Motion for Default Judgment (Doc. 56) and Motion to Strike Answer to the Complaint (Doc. 60). For the reasons set forth below, the Court denies these motions.

## II. ANALYSIS

### A. MOTION FOR DEFAULT JUDGMENT

On November 6, 2009, Allen filed motions for entry of default and for default judgment against Feinerman (Docs. 56, 57). The Clerk of Court denied entry of default because Feinerman had filed an answer on August 21, 2009 (Doc. 58). Allen's motion for default judgment must also be denied. As set forth above, Judge Wilkerson found good cause for Feinerman's failure to answer and granted him leave to file it. Feinerman filed his answer the day after leave was granted. Accordingly, the Court **DENIES** Allen's Motion for Default Judgment (Doc. 56).

### B. MOTION TO STRIKE ANSWER TO THE COMPLAINT

Allen also asks the Court to strike Feinerman's answer because it was not timely filed and because Allen did not receive a copy of the affidavit of Kimberly Amschler, which was filed with the response to the order to show cause as a separate document. Having already found good cause for Feinerman's failure to timely answer, the Court now finds Allen's statement that he did not receive a copy of the Amschler affidavit to be an insufficient reason for striking Feinerman's answer to the complaint. Accordingly, the Court **DENIES** Allen's Motion to Strike the Answer to the Complaint (Doc. 60).

Nonetheless, the Court notes that the affidavit itself bears no certificate of service showing that it was served upon Allen. Additionally, although the record indicates that a copy of the Amschler affidavit was to be mailed to Allen at his address of record, there is no separate entry showing that this was done. For these reasons, the Court **DIRECTS** the Clerk of Court to forward a copy of Kimberly Amschler's affidavit (Doc. 50) to Allen.

**IT IS SO ORDERED.**

**DATED this 4th day of February, 2010**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**