## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 07-cv-805 MJR |
| ADRIAN FEINERMAN, PAMELA | ) |
| GRUBMAN, ROGER E. WALKER, JR., | ) |
| DONALD HULICK, JAMES KRIEG and | ) |
| STEVEN PLATT, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction and Factual/Procedural Background

In November 2007, Anthony Allen, an inmate incarcerated at Menard Correctional Center in Menard, Illinois, filed suit for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Allen injured his leg while playing basketball on June 18, 2004, causing extensive damage to his Achilles tendon. The medical staff prescribed various treatments, including Motrin and Tylenol, as well as instructions to exercise the ankle, instructions to stay off it and instructions to soak it in hot water. Allen was seen by Doctors Platt, Feinerman and Krieg, but despite the treatments discussed and attempted, his pain continued and his condition remained unresolved. Over several months, Allen filed voluminous grievances and complaints requesting medical treatment. He alleges that Defendants Feinerman, Grubman, Platt and Krieg denied him medical treatment, even after he began experiencing pain in his knee and hip. He also alleges that neither Defendant Hulick nor Defendant Walker took action to ensure that he received proper treatment.

On preliminary review, the Court determined that Allen had stated a claim for

deliberate indifference to serious medical needs in violation of the Eighth Amendment against Feinerman, Grubman, Walker, Hulick, Krieg and Platt (Doc. 10). In answering the complaint, Grubman, Walker, Hulick, Krieg and Platt raised the affirmative defense that Allen failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. § 1997e(a). As a result, United States Magistrate Judge Donald G. Wilkerson set this matter for a hearing, pursuant to *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008), and limited pre-hearing discovery to the issue of exhaustion of administrative remedies. On July 15, 2009, one week prior to the hearing, Grubman, Walker, Hulick, Krieg and Platt filed a motion for summary judgment, in which they contend that Allen failed to exhaust his administrative remedies prior to filing suit (Doc. 32). Defendant Feinerman filed his answer on August 21, 2009, approximately one month after the *Pavey* hearing, and raised the affirmative defense of failure to exhaust (Doc. 52). Feinerman also filed a motion requesting to join the motion for summary judgment filed by the other Defendants (Doc. 53). Judge Wilkerson granted that motion (Doc. 64) and applied to Allen's claims against Feinerman the arguments raised in the motion for summary judgment and at the hearing.

On January 26, 2010, Judge Wilkerson submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that Defendants' summary judgment motion be granted as to Grubman, Walker, Hulick, Krieg and Platt but denied as to Feinerman. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. Although Allen filed a timely motion for an extension of time (which the Court granted in part), he actually filed his objection by the original deadline (Docs. 67-69).

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern**

**District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**.

The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).**

## II. Standard for summary judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions and affidavits reveal that there is no genuine issue as to any material fact *and* that the moving party is entitled to judgment as a matter of law. ***Vukadinovich v. Board of Sch. Trs. of North Newton Sch. Corp.*, 278 F.3d 693, 698-99 (7th Cir. 2002).**

The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. ***Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986);** *Salvadori v. Franklin Sch. Dist.*, **293 F.3d 989, 996 (7th Cir. 2002).** Rather, to successfully oppose summary judgment, the nonmovant must present definite, competent evidence or affirmative defenses in rebuttal. *Vukadinovich*, **278 F.3d at 699.**

## III. Analysis

With respect to the issue of exhaustion of remedies, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. **42 U.S.C. § 1997e(a)**.

In *Perez v. Wisconsin Department of Corrections,* **182 F.3d 532 (7th Cir. 1999)**, the Court of Appeals for the Seventh Circuit held that exhaustion of administrative remedies, while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an

administrative remedy, regardless of whether money damages are sought as a tangential remedy and regardless of notions of judicial economy. *Perez*, 182 F.3d at 537. Exhaustion means that the prisoner has "complete[d] the administrative process by following the rules the state has established for that process." *Pozo v. McCaughtry,* 286 F.3d 1022, 1023 (7th Cir. 2002). "Any other approach ... would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem - or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner." *Id.* at 1023-24. "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense." *Massey v. Helman,* **196 F.3d 727, 735 (7th Cir. 2000)**.

The grievance procedures applicable to the Illinois Department of Corrections are set forth in **20 Ill. Admin. Code §§ 504.800-504.850**. To be fully exhausted, a grievance must be pursued through the institutional system and ultimately be denied by the Administrative Review Board ("ARB"). *Id.* A grievance must be filed within 60 days after the discovery of the problem that gives rise to the grievance, but if an offender can show good cause why the grievance was not timely filed, "the grievance shall be considered." **§ 504.810(a).** The grievance procedure requires an inmate to provide "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. **§ 504.810(b)**. If an inmate does not know the name of an individual, he must include as much descriptive information about the individual as possible. *Id*.

In Defendants' motion for summary judgment, they identified three grievances filed by Allen regarding his ankle injury. The Court notes that Allen does not challenge the relevance of these grievances to the issue of whether he exhausted his remedies. Because these grievances - and

Judge Wilkerson's summary thereof - are central to Allen's objections, the Court reproduces that summary here:

> 1.      Plaintiff filed a grievance on March 15, 2007, complaining of pain in his right heel, left and right knee, lower back, and left hip (Grievance No. 140-3-07). Plaintiff complained that he was not receiving adequate medical treatment for his pain. He reported that Dr. Feinerman told Plaintiff nothing was wrong with him. Plaintiff did not identify other individuals by name in the grievance. In the last sentence of the grievance, Plaintiff wrote, "all this is line out in 79 pages of this grievance." The grievance officer received the grievance on March 20, 2007, and denied it on April 5, 2007; the Chief Administrative Officer ("CAO") concurred on April 9, 2007. The Administrative Review Board ("ARB") addressed the merits of the grievance on appeal, finding that "the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied."
>
> 2.      Plaintiff filed a second, almost identical grievance also dated March 15, 2007 (Grievance No. 226-3-07), but not received by the grievance officer until March 30, 2007. It was denied by the grievance officer on April 27, 2007; Warden Hulick concurred in the denial. On appeal, the ARB returned the grievance because it was submitted outside of the timeframe outlined in the Illinois Regulations in that Plaintiff was last seen by a physician on January 18, 2007, and did not file the grievance until March 30, 2007, over sixty days later.
>
> 3.      Plaintiff filed a third grievance on June 27, 2008, regarding pain and swelling in his ankle (Grievance No. 192-6-08). The grievance officer denied the grievance on its merits on August 12, 2008; the CAO concurred on August 15, 2008. On November 18, 2008, the ARB denied the grievance on the merits.  Doc. 64, Report and Recommendations, pp. 2-3.

The Report recommends that grievances 226-3-07 and 192-6-08 be dismissed as unexhausted but finds that 140-3-07 was exhausted.  Grievance number 226-3-07 was found to be untimely and was not reviewed on the merits by the ARB because Allen filed it on March 30, 2007, which was more than 60 days after his last medical appointment on January 18, 2007.  Grievance number 192-6-08 was filed by Allen after he filed his complaint in this lawsuit.  As such, the Report recommends that the undersigned District Judge find that it was not exhausted because, under the

PLRA, exhaustion is a precondition to filing suit.[1]

Allen objects to Magistrate Judge Wilkerson's recommendation regarding grievance number 226-3-07. He contends that the IDOC rule book is silent or unclear as to what an inmate can do if a grievance is untimely. Allen asserts that he did all that was required to exhaust remedies, *i.e.,* he substantially complied with the grievance procedure as he reasonably understood it. In particular, he states that he went to the law library, asked the clerk for 20 Ill. Admin. Code 504.810 and compared the wording to the IDOC rule book. He found the requirements to be the same.

The IDOC rule book and Administrative Code are neither silent nor unclear as to what an inmate can do if his grievance is untimely. An untimely grievance "shall be considered" if the offender can show good cause why the grievance was not filed within 60 days after discovery of the problem. Allen's argument fails because he presented no evidence that he was unable to timely submit the grievance or that other good cause justified a late filing.

Allen next asserts that it was sufficient for exhaustion that he attached to his grievance 79 exhibits identifying Defendants and that the grievance counselor should have accepted and reviewed those documents. The undersigned District Judge concurs with Judge Wilkerson's conclusion that it is unreasonable and outside the regulations to put on the institution the burden of sifting through voluminous exhibits to identify the who, what, when and where of each complaint. *See* **20 Ill. Admin. Code § 504.810(b)**. It is far more reasonable - and in accordance with the regulations - to put the burden on the offender to provide that information and, where the name of an individual is unknown, to include as much descriptive information about the individual as possible so that he or she may be identified. *Id*.

---

[1] No objections were filed regarding the Report's recommendations as to grievance numbers 140-3-07 and 192-6-08.

Allen misstates the Report's finding that grievance number 226-3-07 was fully exhausted. Rather, the grievance was exhausted to the extent that it made its way through the appropriate channels - that it was denied by the grievance officer, that the denial was concurred in by Warden Hulick and that it was appealed to the ARB. However, the ARB did not consider the substance of the grievance because Allen did not follow the proper procedure and timely submit it. *See* Doc. 40-2. To paraphrase the finding of the ARB, the issues raised in 226-3-07 were not addressed because it was not filed within the 60-day timeframe outlined in Department Rule 504. *Id*. Moreover, even if the grievance had been filed within the proper timeframe, Allen failed to name any Defendant in this grievance or to state in what way any Defendant was responsible for the issues raised therein. *Id*.

The record before the Court clearly shows that Allen did not complete the requisite procedures to exhaust his administrative remedies. Having carefully reviewed the record *de novo*, the Court concludes (as did Magistrate Judge Wilkerson) that summary judgment should be granted in favor of Grubman, Walker, Hulick, Krieg and Platt at this time. Reviewing the record in the light most favorable to Allen and drawing all reasonable inferences in his favor, the Court concludes that no material issues of fact remain and that these Defendants are entitled to judgment as a matter of law.

As a final matter, the Court will take up two motions not addressed in the Report: Allen's motion to appoint counsel (Doc. 25) and motion for a status report regarding that motion (Doc. 71). A Court "may request an attorney to represent any person unable to afford counsel." **28 U.S.C. § 1915(e)(1)**. However, there is no constitutional or statutory right to counsel for a civil litigant. ***Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001)**. The Court's inquiry when considering appointment of counsel is twofold: "(1) has the indigent plaintiff

made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* **503 F.3d 647, 654 (7th Cir. 2007),** *citing Farmer v. Haas***, 990 F.2d 319,321-22 (7th Cir. 1993)**.

Allen has satisfied the first prong of the test, submitting letters from three law firms and from the Southern Poverty Law Center declining to take his case. Doc. 25, attachments. He has not shown, however, that the factual and legal difficulty of the case exceeds his ability to coherently present it. *Pruitt***, 503 F.3d at 655**. Rather, Allen has shown himself competent to gather evidence, and to prepare and respond to motions and other court filings. He has the capacity to represent himself at this stage of the proceedings; whether he is equally capable of representing himself at trial is a question for another day. For these reasons, the Court will deny Allen's motion for counsel at this time. The Court will reevaluate his need for counsel at the time that trial is set in this matter.

## IV. Conclusion

Having conducted *de novo* review, the Court **ADOPTS in its entirety** Judge Wilkerson's January 26, 2010, Report and Recommendation (Doc. 64), **GRANTS** summary judgment in favor of Defendants Grubman, Walker, Hulick, Krieg and Platt (Doc. 32) and **DISMISSES** this action as to these Defendants with prejudice. The Clerk of Court shall enter judgment in favor of Defendants Grubman, Walker, Hulick, Krieg and Platt and against Plaintiff Allen at the close of the case. The Court **DENIES** Allen's motion for summary judgment (Doc. 37), motion for hearing (Doc. 38), motion for exhaustion of administrative remedies (Doc. 39) and motion for Defendant's Attorney Misquoting Plaintiff Issues Containing in His Original Motions (Doc. 55). Lastly, the Court **DENIES** Allen's motion to appoint counsel (Doc. 25) and **DENIES as moot** Allen's motion for status regarding motion to appoint counsel (Doc. 71).

As the case now stands, it will proceed to trial against Defendant Feinerman only. A formal Order setting the trial date will be entered once the case is certified trial-ready by Judge Wilkerson.

**IT IS SO ORDERED.**

**DATED this 10th day of March, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**