IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:07-cv-805 MJR |
| | ) |
| DR. ADRIAN FEINERMAN, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Currently pending before the Court are Plaintiff's Motion for Medical Records (Doc. 72), Motion for Extension of Time to Respond to Discovery Requests (Doc. 73), Motion for Leave to File a Second Amended Complaint (Doc. 81), and Motion to Compel Discovery (Doc. 85).

### MOTION FOR MEDICAL RECORDS

In this motion, Plaintiff states that he is unable to provide his medical records to Defendant Feinerman in response to his interrogatories because he does not have enough money to pay for copies, and because the medical records technician has not responded to his requests for copies. He asks the Court to issue an order for his medical records so that he may respond to Defendant Feinerman's interrogatories. In response, Defendant Feinerman argues that in his filings regarding exhaustion and in his testimony at the Pavey Hearing, Plaintiff has demonstrated to the Court that he possesses his medical records necessary to answer the interrogatories. Defendant Feinerman further argues that Plaintiff does not need medical records after March 15, 2007, because the issues in the case are limited to Dr. Feinerman's treatment prior to that date. Defendant further submits a page of Plaintiff's medical records showing that C. Sauerhage sent Plaintiff copies of his medical records on February 7, 2007. Defendant finally argues that he has disclosed to Plaintiff his medical records from June 18, 2004, though March 15, 2007, including x-ray reports of Plaintiff's ankle and

knee. Because Plaintiff has these documents, Defendant argues, he should be required to respond to the interrogatories. The Court notes that in the response to the motion for extension of time (Doc. 77), Defendant Feinerman indicates that he received by subpoena Plaintiff's medical records. It appears, then, that Plaintiff does not need to provide the medical records themselves to Defendant Feinerman. He needs only to answer the interrogatories presented to him. Accordingly, Plaintiff's Motion for Medical Records (Doc. 72) is **DENIED**.

## MOTION FOR EXTENSION OF TIME

In this motion, Plaintiff seeks until May 8, 2010, to respond to Defendant Feinerman's interrogatories. This motion (Doc. 73) is **GRANTED**. Plaintiff shall respond to Defendant Feinerman's interrogatories by **May 8, 2010**.

## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff asks for permission to file a second amended complaint to include "additional facts" unintentionally left out of the first amended complaint that support his claims of negligence and deliberate indifference. The proposed amended complaint contains allegations regarding Plaintiff's treatment since the time he filed his original complaint. Thus, Plaintiff's motion is actually a request to supplement the complaint, not to amend it. *See* FED. R. CIV. P. 15(d). In the proposed complaint, Plaintiff claims that Defendants Feinerman, Platt, Grubman, Krieg, Walker, Hulick, and Conder acted with deliberate indifference to his serious medical needs, violated his substantive due process rights, and caused intentional infliction of emotional distress. He alleges that when he was housed in the healthcare unit at Menard, he was placed in a filthy cell without a toilet or running water. He further alleges that correctional staff denied him hygiene supplies, personal property, and legal materials.

The Court has already determined that at this point in the litigation Plaintiff may proceed against only Defendant Feinerman on the deliberate indifference claim. The case is currently more than two years old. The Court has expended time and effort in moving forward with the litigation. To allow Plaintiff to add claims and defendants now would delay the course of the litigation of the remaining deliberate indifference claim against Defendant Feinerman. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (finding no abuse of discretion when district court denied motion to supplement the complaint because it would cause undue delay). Furthermore, a number of the defendants that Plaintiff attempts to add with the supplemental complaint have already been dismissed from the action with prejudice. If Plaintiff wishes to raise the new claims in the supplemental complaint against new defendants and defendants who have already been dismissed from the case, he should file a separate action. Accordingly, the Motion for Leave to File a Second Amended Complaint (Doc. 81) is **DENIED**.

### MOTION TO COMPEL DISCOVERY (DOC. 85)

Plaintiff asks the Court to compel Defendant Feinerman's answer to interrogatory 17 submitted on February 17, 2010. In response, Defendant states he erroneously submitted an incomplete set of responses to Plaintiff's interrogatories, but he has now resubmitted answers to the interrogatories. Accordingly, the Motion to Compel is found to be **MOOT**.

**IT IS SO ORDERED.**

**DATED: April 16, 2010**

                                                   s/ *Donald G. Wilkerson*
                                                   **DONALD G. WILKERSON**
                                                   **United States Magistrate Judge**